# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| JAGDUHKUMAR PATEL<br>SHILPABEN PATEL (SPOUSE)<br>     *Petitioners,*<br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of<br>Department of Homeland Security,<br>MERRICK GARLAND, Attorney General<br>of the United States, TRACY RENAUD,<br>Senior Official Performing Duties of the<br>Director for USCIS, DANIEL RENAUD,<br>Director for USCIS Vermont Service Center,<br>and The United States of America<br>     *Defendants*. | Case No: |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Comes now, Jagduhkumar Patel and Shilpaben Patel (Petitioners), through the undersigned, files the instant Complaint for judicial review of an adverse agency action, seeking declaratory and injunctive relief.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the present action pursuant to 28 U.S.C. §§1331 (federal question), and 1346(a)(2) (actions against Officers of the United States), together with the Administrative Procedure Act, 5 U.S.C. §702 et seq; and the 28 U.S.C. §2201 (Declaratory Judgment Act).

2. Pursuant to 28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or is an agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides. Petitioners are

1

residents of the Middle District of Georgia. Defendants, being sued in their official capacity, are agents of the United States, and they do business in the District. The Department of Homeland Security, United States Citizenship and Immigration Services (hereinafter referred to as 'USCIS') Nebraska Service Center do business in this District.

## II. THE PARTIES

5. Petitioners are a native and citizen of India who resides in Centerville, Georgia. Petitioner Jagduhkumar Patel ("Mr. Patel") filed Form I-918, Petition for U Non-immigrant Visa with USCIS. Petitioner Shilpaben Patel (wife of Mr. Patel) filed Form I-918A Petition for Qualifying Family Member of U-1 Recipient.

6. Defendant Alejandro Mayorkas is the duly appointed acting Secretary of Homeland Security and is the Head of the U.S. Department of Homeland Security ("DHS") and has ultimate responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

7. Defendant Merrick Garland is the Attorney General of the United States and the head of the U.S. Department of Justice ("DOJ"). He shares responsibility for the administration and enforcement of the immigration laws. He is sued in his official capacity.

8. Defendant Tracy Renaud is the Acting Director for the U.S. Citizenship and Immigration Services (hereinafter "USCIS"), a component of DHS. In that capacity, she has direct authority over all USCIS policies, procedures, and practices relating to the processing and adjudication of applications for adjustment of status. She is being sued in her official capacity.

9. Defendant Director for the Vermont Service Center for USCIS. The Director has authority over USCIS activities within their respective Service Center's Jurisdiction. They are being sued in their official capacity.

## III. THE FACTS

10. On January 29, 2016, Mr. Jagduhkumar Patel was robbed at gun point while working at the Marathon Gas Station located at 1000 Dewey Dr. Lawrenceburg, KY 40324. Mr. Patel immediately reported the crime to the Anderson County Sheriff's department. He cooperated and assisted in the investigation. He answered all the questions the officers had regarding the incident. The Anderson County Sheriff's department certified Petitioners' I-918B. *See* **Exhibit 1.**

11. On or around April 16, 2016, Petitioners through undersigned counsel filed forms I-918 petition for U Non-immigrant status, I-918, I-918A Petition for Qualifying Family Member of U-1 Recipient, and I-192 Applications for Advance Permission to Enter as a Non-Immigrant with United States Citizenship and Immigration Services ("USCIS"). These petitions were accepted for processing and a Receipt number was issued. *See* **Exhibit 2**. Receipt Notice

12. On November 5, 2018, USCIS issued a Notice of Intent to Deny ("NOID"). *See* **Exhibit 3.** The NOID alleged that Mr. Jagduhkumar Patel was inadmissible on various grounds and that his charge of Sexual Abuse 3rd Degree was a serious negative factor (see discussion below). The NOID was timely responded to on December 7, 2018.

13. However, on March 20, 2019, USCIS denied petitioner's U-Visa Petitions. *See* **Exhibit 4.**

14. On April 17, 2019, undersigned Counsel filed forms I-290B Notice of Appeal or Motion and submitted a Motion to Reopen/Reconsider ("MTR") with USCIS with new evidence of the conviction having been reopened and reduced to Disorderly Conduct in the First-Degree *Nunc Pro Tunc*. Unfortunately, the MTR was rejected on April 26, 2019, stating that the MTR was submitted with regards to more than one receipt number without the filing fee for additional receipt numbers. The Rejection notice was received by undersigned counsel's office on April

30, 2019. *See* **Exhibit 5.**

15. Undersigned counsel's office then refiled the MTR on April 30, 2019, requesting USCIS to consider it timely filed die to circumstances beyond the Petitioner's control namely, a timely filed MTR was received by USCIS but rejected by them after the due date and our office received it only after the time to file the MTR had passed. A receipt number for the I-290B Motion was issued on May 10, 2019. *See* **Exhibit 6.**

16. On September 25, 2020, USCIS denied Applications I-290B Notice of Appeal or Motion. USCIS stating the motion was not timely filed within the 33 days prescribed under 8 CFR §103.5(a)(1)(i) and 8 CFR §103.8 *See* **Exhibit 7**.

17. On October 15, 2020, an appeal was filed with Administrative Appeals Office ("AAO"). On November 15, 2021, the AAO reviewed the appeal and concluded that <u>the delay in filing the MTR was due to circumstances beyond the petitioner's control</u> and that, undersigned counsel had proceeded to take immediate action by refiling the I-290B with an updated cover letter on the same day they received the rejection and upheld this ground in reopening the case. However, AAO dismissed the appeal stating AAO did not have the authority to review USCIS's discretionary determination. *See* **Exhibit 8**, AAO's Dismissal. Had the AAO remanded the case to USCIS, USCIS would have had the opportunity to review the new evidence namely, petitioner's sexual abuse charge being vacated and disorderly conduct conviction *nunc pro tunc* being ordered instead. This was no longer a CIMT. And USCIS could have exercised their discretion favorably.

18. Respectfully, we do not agree with this conclusion and move to appeal the decision of USCIS.

## IV. APPLICABLE LAW

**A. Review under the Administrative Procedure Act**

19. Under the Administrative Procedure Act, Mr. Patel is entitled to judicial review of the denial of his application for Adjustment of Status. *See,* 5 U.S.C. §703:

> Form and venue of proceeding. The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

*See also,* 5 U.S.C. §706:

> Scope of review.
> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall —— (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be —— (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law ....

20. Under 8 C.F.R. §103.2(b)(16)(i), Mr. Patel was entitled to an opportunity to review and rebut the adverse information on which the denial was based, prior to a decision being made:

> (i)  Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv) of this section. Any explanation, rebuttal, or information presented by or in behalf of the applicant or petitioner shall be included in the record of proceeding.

# I. ISSUES

21. Whether Petitioner, Jagduhkumar Patel ("Mr. Patel"), was inadmissible under INA §212(a)(2)(A)(i)(I) – Conviction or commission of a Crime Involving Moral Turpitude

("CIMT").

22. Whether Petitioner, Jagduhkumar Patel, meets the relevant criteria followed by USCIS as standard for positive exercise of discretion in nonimmigrant inadmissibility waivers under INA §212(d)(3) and INA § 212 (d)(14).

23. Whether Petitioners' untimely filing of the initial Motion to Reopen/Reconsider 8 CFR §103.5(a)(1)(i) and 8 CFR §103.8 may be excused in the discretion of USCIS.

## II. LEGAL ANALYSIS AND ARGUMENTS

24. Petitioners' requests for the discretion of USCIS in approving his I-918 and I-192 Waiver of inadmissibility.

    a. *Inadmissibility under INA §212(a)(2)(A)(i)(I) – Conviction or commission of a Crime Involving Moral Turpitude ("CIMT"):*

25. On or about January 29, 2019, Petitioner Jagduhkumar Patel's conviction for Sexual Abuse 3rd Degree was amended to Disorderly Conduct in the First-Degree *Nunc Pro Tunc*. See **Exhibit 9**, Agreed Order Pursuant to CR 60.02, Amending Conviction, *Nunc Pro Tunc* to July 14, 2009. Under Kentucky Statutes 525.055(2), "Disorderly conduct in the first degree is a Class A misdemeanor." A Class A misdemeanor in Kentucky is punishable by no more than 12 months' imprisonment.[1] Mr. Patel was sentenced to 30 days, all suspended to probation. This was not a CIMT because the inherent nature of the crime is not base, vile, or depraved, and contrary to the accepted rules of morality.[2] KY statute does not require a culpable mental state and

---

[1] Kentucky Statute 532.090 Sentence of imprisonment for misdemeanor. A sentence of imprisonment for a misdemeanor shall be a definite term and shall be fixed within the following maximum limitations: (1) For a Class A misdemeanor, the term shall not exceed twelve (12) months; and

[2] It is the "inherent nature of the crime as defined by statute and interpreted by the courts as limited and described by the record of conviction" and not the facts and circumstances of the particular person's case that determines whether it is a CIMT. *Matter of Short*, 20 I&N Dec. 136 (BIA 1989).

6

reprehensible conduct[3].

26. Maximum possible imprisonment for a conviction of Disorderly Conduct in the First Degree, is 12 months. *Ky. Rev. Stat. Ann. § 532.090*. Respondent was sentenced to a period of 30 days in jail, all suspended to probation. Therefore, petty Offense Exception to CIMT under *INA § 212(a)(2)(A)(ii)(II)* the petty exception applies here.

27. Furthermore, if the conviction is deemed a CIMT, Respondent is eligible for the petty offense exception. *INA § 212(a)(2)(A)(ii)(II)*. A CIMT is considered a "petty offense" if the maximum penalty possible for the crime for which the alien was convicted did not exceed imprisonment for one year and if the alien was convicted of such crime, the alien was not sentenced to a term of imprisonment in excess of 6 months (regardless of the extent to which the sentence was ultimately executed).

28. Immigration consequences of criminal convictions are almost always evaluated categorically (i.e., the analysis is strictly legal) and do not depend on the individual conduct of the alien. We request USCIS Officer to look at the final disposition, as 'conviction' is defined as a '*formal judgment of guilt of the alien entered by a court'*. INA 101 (a)(48(A). This is regardless of the charge(s). Mr. Patel was sentenced to 30 days all of which were suspended to probation. Therefore, this conviction of Disorderly Conduct is not a CIMT.

29. Mr. Patel <u>no longer has a conviction for a sex offense</u> and therefore requested and continues to request for the discretion of the Homeland Security based on the totality of the circumstances

---

[3] More recently, a CIMT must have two essential elements: "a culpable mental state and reprehensible conduct" and the latter is governed by "contemporary moral standards and may be susceptible to change based on the prevailing views in society." *Matter of Ortega-Lopez,* 27 I&N Dec. 382 (BIA 2018). BIA defines a CIMT as a crime that "refers generally to conduct which is inherently base, vile, or depraved, *and* contrary to the accepted rules of morality and the duties owed between persons or to society in general.… Moral turpitude has been defined as an act which is per se morally reprehensible and intrinsically wrong, or *malum in se* so it is the nature of the act itself and not the statutory prohibition of it which renders a crime one of moral turpitude." *Matter of Franklin*, 20 I&N Dec. 867, 868 (BIA 1994), aff'd, *Franklin v. INS*, 72 F.3d 571 (8th Cir. 1995) (emphasis added); *Matter of Short,* 20 I&N Dec. 136, 139 (BIA 1989); *Matter of Flores,* 17 I&N Dec. 225, 227 (BIA 1980).

in the case.

30. CIS Officer further states in their denial of Mr. Patel's I-918 Petition

> *While it is acknowledged that it is within the discretion of USCIS to waive inadmissibility under INA section 212(a)(6)(A)(i)-Alien Present Without Admission or Parole; 212(a)(6)(C)(i)-Fraud/Misrepresentation and 212(a)(6)(C)(ii)-False Claim to U.S. Citizenship, each discretionary determination for each applicant is evaluated on a case-by-case basis. USCIS considers your conviction for a sexual abuse; unlawful entry, your fraud/misrepresentation and false claim to U.S. citizenship to be serious, negative factors in your case. These factors must be weighed against your reasons for wishing to remain in the United States.*

31. Since Mr. Patel <u>no longer has a conviction for a sex offense</u>, he requests discretion in waiving his entrance without inspection, his fraud and misrepresentation, and his false claim to U.S. citizenship as the positives far outweigh the negatives in this case as is explained below. As Mr. Patel explains in his Affidavit (see below), he never intended to cause any harm and was just trying to the best that he could.

<u>*b. Request for Discretion under INA § 212 (d)(3)*</u>

32. Petitioners' requests for the discretion of Secretary of Homeland Security under INA § 212(d)(3). Mr. Patel meets the relevant criteria followed by USCIS as standard for positive exercise of discretion in nonimmigrant inadmissibility waivers **under INA §212(d)(3)** and requests USCIS to exercise its discretion favorably:

   a. **Not a risk of harm to society if he is admitted to the United States:** Mr. Patel is a hardworking, family-oriented person who is an asset to the community. He contributes to his community, pays taxes, volunteers at community events, his church, and donates whatever he can afford. Mr. Patel is a hardworking family person who does everything for his two U.S. born children and his wife. He works very hard to take care of them and support them. *See* **Exhibit 10**, letters from Mr. Patel's children.

8

b. **Reasons for Wishing to Enter the U.S.:** Mr. Patel wishes to remain in the United States to take care of his two U.S. citizen children and help them with their future education and life in the United States, and to assist the police department arrest the perpetrators who victimized him, and testify against them:

- Mr. Patel's U.S. citizen children depend on him and need their father to be with them in the United States. He wishes to remain in the United States to be with his U.S. citizen children and take care of them.

- Mr. Patel fears that if he is deported to India, his children will not be able to go with him because they will be unable to adjust to life there; nor will he be able to leave his children in the United States.

- Mr. Patel also wishes to remain in the U.S. to assist the police department in the United States so they can continue to investigate and prosecute the perpetrators. He will not have access to the U.S. criminal justice system in India.

- Furthermore, Mr. Patel has been under the care of his doctor and will not have access to the medical help he gets in the United States, without being stigmatized. Psychiatrist Evaluation with a diagnosis of chronic Post Traumatic Stress Disorder from Dr. Habiba Jessica Tran was submitted as *Exhibit A.3 with the initial U Non-immigrant petition*. If Mr. Patel tries to obtain mental health services in India, he will be stigmatized as a 'mad/crazy person'. His doctor in the U.S. understands his psychological problems and handles it very well for him. Documents demonstrating his good character were previously enclosed as *Exhibits F and A.3.*

<u>*c. Request for Discretion under INA § 212 (d)(14)*</u>

33. Mr. Patel requests for the discretion of Secretary of Homeland Security under INA § 212(d)(14), as a matter of national and/or public interest to approve his I-918 and I-192 Waiver and submits evidence to support the following:

    a. **<u>EVIDENCE OF REHABILITATION</u>:** Documents demonstrating Mr. Patel's rehabilitation were previously enclosed as <u>*Exhibits E though K*</u> of the original I-192 petition. Updated evidence of his rehabilitation were submitted in the NOID as <u>*Exhibits G-N*</u>. These demonstrate his rehabilitation.

    b. **<u>Reasons for wishing to remain in the U.S.:</u>** As stated and demonstrated above.

    c. **<u>Mitigating factors in Mr. Patel's favor:</u>**

        i. <u>Mr. Patel's family ties:</u> Mr. Patel has <u>two U.S. Citizen Children</u>. He has a close-knit family that will be devastated if he is deported. Mr. Patel is actively involved in his children's lives and is focused on raising good natured and well-adjusted children who are good members of society.

        ii. <u>Financial impact of Mr. Patel's departure will be terrible</u> – Mr. Patel is the main provider for his family. He pays his mortgage, children's medical bills and school tuition fees, and all of the family's living expenses. Should he be deported, wife does not have the status or the means to support the children on her own and they will become public charge. The family will be broken, perhaps irreparably.

        iii. <u>If the children follow the Mr. Patel to India</u>, they will have no financial support. Jagduhkumar Patel will not be able to find employment at his age in India. His children will not be able to attend school or college. The family

will be forced to become dependents on distant relatives. Indian Government does not have any social support programs that can take care of them, either.

    iv. Besides, <u>conditions are not safe for young women in India</u> where rape and sexual assaults are rampant without any recourse to justice. Mr. Patel's does not wish to subject his daughter through such trauma. Please see articles on rape/sexual assaults in India as **Exhibit 11**.

    v. <u>Mr. Patel contributes to his community</u> - He has been paying taxes every year since 2001. He donates and volunteers in and around the community when he is able.

    vi. <u>Ties to his community</u> – Mr. Patel's family is here in the United States. He does not have any family or property in India. He has been in the United States for over 20 years and will not be able to find employment at his age in India. Additionally, he will find it very difficult to maintain two homes - one in India and one in USA.

    vii. Mr. Patel's Affidavit explaining the circumstances surrounding the charges and conviction prompting the need for this approval is enclosed as **Exhibit 12.**

d. **<u>Loss of Access to U.S. Criminal Justice System relating to his Victimization:</u>** Mr. Patel wishes to assist the police department in the United States so they can arrest and prosecute the perpetrators who victimized him. He wishes to testify against them. He will not have access to the U.S. criminal justice system in India.

e. **Physical, medical, mental and other Services required by Mr. Patel not readily available in his Home Country:** If Mr. Patel tries to obtain mental health services in India, he will be stigmatized as a 'mad/crazy person'. Doctors in the U.S. understand his physical and psychological problems. He may not find such help easily in India. The village he belongs to, does not have good standard hospitals or emergency services. *See* **Exhibit 13**, articles pertaining to mental health in India.

34. Thus, documents evidencing Mr. Patel's rehabilitation in support of Mr. Patel meeting the relevant criteria under INA §§ 212(d)(3) and 212(d)(14), and his request for Homeland Security's discretion are enclosed as **Exhibits 9 through 12**.

35. These establish Mr. Patel's rehabilitation, his good moral character, his reasons for wishing to remain in the United States, his family ties and financial impact of his departure on his U.S. citizen children, his contributions to the community, his apology for his acts and conviction, loss of access to U.S. criminal justice system if deported from USA and the medical services he is availing of that is not readily available to him should he be forced to leave the United States.

36. We respectfully request that you consider the documents contained in the record pertaining to Mr. Patel's evidence of rehabilitation.

### d. *Untimely Filing of Motion to Reopen*

37. USCIS denied Petitioners' initial I-290B Notice of Appeal or Motion stating that the Motion to Reopen/Reconsider was untimely §103.5(a)(1)(i) and 8 CFR §103.8.

38. Undersigned Counsel's office had timely filed Form I-290B on April 19, 2020, upon receiving the March 20, 2019, denial notice. However, Undersigned counsel erroneously listed both the

underlying I-918 Receipt number and I-192 receipt number on the I-290B. This is the only reason the petition was rejected, not on any substantive grounds.

39. Undersigned counsel immediately filed the corrected Form upon receipt of the rejection, explained the inadvertent error in a quest to be clear to USCIS, and requested USCIS to accept and review the Motion to Reopen as timely filed.

40. USCIS issued a receipt number on May 1, 2019, but then proceeded to deny the case due as untimely filed, on September 25, 2020, without considering the merits of the I-290B Motion to Reopen.

41. This mistake was immaterial and should not penalize the Petitioners or their Counsel for merely adding two receipt numbers in the form. As explained, it was an inadvertent mistake.

42. On October 15, 2020, Undersigned counsel submitted an Appeal with the AAO with regards to the September 25, 2020, denial explaining the human error. Undersigned counsel requested that AAO treat the MTR as timely filed and consider the case on the merits.

43. On November 5, 2021, AAO concluded that:

> *Upon de novo review of the record <u>the petitioner has demonstrated that the delay was reasonable and beyond his control, and accordingly, that a favorable waiver of discretion is warranted in excusing the delay in filing</u>.*

44. Specifically, AAO found Counsel's arguments on appeal persuasive that her error in submitting a Form I-290B with documentation listing two receipt numbers was beyond the control of the Petitioner. AAO noted that a I-290B was refiled with an updated cover letter on the same day the rejection notice was received. However, AAO dismissed the appeal stating AAO did not have the authority to review USCIS's discretionary determination on the grounds. Had AAO remanded the case to USCIS, USCIS would have had the opportunity to review the new evidence namely, petitioner's sexual abuse charge being vacated and disorderly conduct

conviction *nunc pro tunc* being ordered instead. This was no longer a CIMT and USCIS could have exercised their discretion favorably.

45. Considering the foregoing evidence, and in the interest of fairness, we respectfully request that USCIS in their discretion excuse the untimely filing of the initial Motion to Reopen and ask that the matter be reviewed and that a decision be made on the merits.

### III.  RELIEF REQUESTED

46. It is therefore urged that this Court find that Defendant's denial of Petitioners' forms I-918 and I-918A Petitions for U-Nonimmigrant Status, and I-192 Application for Advance Permission to Enter as a Non-Immigrant was arbitrary and capricious, and not in accordance with the procedures established by law, within the meaning of the APA.

47. Petitioners' therefore urges that the Court set aside said decision. They further urge the Court to award costs, attorneys' fees and such other and further relief as the Court deems just and appropriate.

Dated: November 11, 2022
       Norcross, Georgia

Respectfully submitted,

*Bhavya*

_____
Bhavya Chaudhary, Esq.
Bhavya Chaudhary & Associates, LLC
700 Holcomb Bridge Road
Norcross, GA 30071
(678) 292-6111
bhavya@bcalawfirm.com

Counsel for Petitioners

# CERTIFICATE OF SERVICE

I hereby certify that on November____ 2022, I mailed by certified mail this Summons and Complaint for Declaratory and Injunctive Relief to:

Alejandro Mayorkas, Secretary of DHS
Office of General Counsel
U.S. Department of Homeland Security
Washington, DC 20528

Merrick Garland, Attorney General of the US
U.S. Department of Justice
950 Pennsylvania Ave NW
Washington, DC 20530

Tracy Renaud, Senior Official Performing Duties of Director
U.S. Citizenship and Immigration Services
U.S Department of Homeland Security
Office of Chief Counsel
20 Massachusetts Ave, N.W. Room 4210
Washington, D.C. 20529-2120

Director Vermont Service Center
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security
Office of Chief Counsel
20 Massachusetts Ave, NW. Room 4210
Washington, D.C. 20529-2120

United States Attorney – Civil Process Clerk
Middle District of Georgia
300 Mulberry St. 4th Fl, P.O. Box 1702
Macon, GA 31202

*Bhavya*

_____
Bhavya Chaudhary, Esq.
Bhavya Chaudhary and Associates, LLC
GA Bar: 892360
700 Holcomb Bridge Road
Norcross, GA 30071
(678) 292-6111
Fax :(678) 261-0973
Bhavya@bcalawfirm.com