November 5, 2018

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
75 Lower Welden St.
St. Albans, VT 05479



U.S. Citizenship
and Immigration
Services

BHAVYA CHAUDHARY
BHAVYA CHAUDHARY & ASSOC LLC
700 HOLCOMB BRIDGE ROAD
NORCROSS, GA 30071

EAC1614150936



RE: JAGDUHKUMAR KANTIBHAI PATEL
I-192, Application for Advance Permission to Enter as
Nonimmigrant

A076-987-757

## INTENT TO DENY

Dear Sir/Madam,

This letter is to notify you that U.S. Citizenship and Immigration Services (USCIS) intends to deny the Form I-192, Application for Advance Permission to Enter as a Nonimmigrant that you filed on April 12, 2016.

Evidence in the record indicates that you are inadmissible under the following sections of the Immigration and Nationality Act (Act):

- 212(a)(6)(A)(i) - Alien present without admission or parole - (EWI/PWI)
- 212(a)(6)(B) - Failure to attend removal proceeding
- 212(a)(6)(C)(i) - Fraud or willful misrepresentation
- 212(a)(6)(C)(ii) - False claim to U.S. citizenship
- 212(a)(2)(A)(i)(I)-Crime Involving Moral Turpitude

Title 8 Code of Federal Regulations (CFR), section 212.17(b) allows USCIS to exercise discretion and waive the ground(s) of inadmissibility if it is in the national interest. USCIS may waive all grounds of inadmissibility except the following sections of the INA:

- Section 212(a)(3)(A)(i)(I)
- Section 212(a)(3)(A)(ii)
- Section 212(a)(3)(A)(iii)
- Section 212(a)(3)(C)
- Section 212(a)(3)(E)(i)
- Section 212(a)(3)(E)(ii)

Evidence in the record reveals that you were apprehended by Agents of the U.S. Border Patrol on April 14, 1998 after you entered the United States illegally at Miami, Florida. You were placed in removal proceedings pursuant to 212(a)(6)(A)(i)-Alien Present Without Admission or Parole-(EWI/PWI). The record reveals you were released on an immigration bond on April 14, 1998. You were scheduled for an immigration hearing on November 13 1998; however, you failed to attend the immigration hearing. As a result, you were ordered removed from the U.S. You are now



RECEIVED NOV 0 8 2018

inadmissible pursuant to INA section 212(a)(6)(B)-Failure to attend removal proceeding.

Your administrative record contains an Indian passport in the name of Jagdhiskumar Kantilal Patel with a date of birth of June 19, 1979. This identity is different from the identity you now claim on your current Indian passport, current immigration and supporting documents. Review of these documents reveal that you now claim that your name is Jagduhkumar Kantibhai Patel and date of birth is April 18, 1979. Based on this information it appears that you provided fraudulent documentation at the time of your apprehension and failed to reveal your true identity to law enforcement officers. Therefore, based on this information you are inadmissible pursuant to INA section 212(a)(6)(C)(i)-Fraud/Misrepresentation.

USCIS has reviewed your statement in support of your I-192 waiver. According to your statement, you admit that you entered the U.S. illegally; was arrested and detained by ICE and that you were ordered removed. In addition you admit that you paid for your driver's license and may have claimed you were a United States citizen on the application You also claim you paid for a social security number. Based on your admission you are inadmissible pursuant to INA section 212(a)(6)(C)(ii)-False Claim to United States Citizenship.

Lastly, you acknowledge that you were arrested and convicted of a sex offense in 2003 and have completed your sentence. You also acknowledge that in 2004 you were also incriminated in a similar case; however, no charges were filed against you.

Evidence contained in your administrative record reveals that on November 28, 2003 you were arrested for Sexual Abuse in the first degree (felony) pursuant to Kentucky Revised Statutes (KRS) 510.110. USCIS has reviewed the corresponding Criminal Complaint which was the basis for your arrest as well as the final disposition of the charges against you. The record reveals that you were ultimately convicted of Sexual abuse in the third degree, a misdemeanor and sentenced to 30 days incarceration (suspended) and 2 years of probation. Based on this information you are inadmissible pursuant to INA section 212(a)(2)(A)(i)(I)-Crime Involving Moral Turpitude.

The waivers available to you are sections 212(d)(3) and (14) of the INA as an individual seeking classification as a U-1 nonimmigrant or as a qualifying family member of a U-1 visa petitioner. These are discretionary waivers that, if approved, would satisfy the eligibility requirement cited at 8 CFR 214.14(c)(2)(iv).

In *Matter of Hranka*, 16 I&N Dec. 491(BIA 1978), the Board of Immigration Appeals listed three criteria for determining whether to approve or deny a waiver under section 212(d)(3) of the INA:

    1. The risk of harm to society if the applicant is admitted;
    2. The seriousness of the applicant's prior immigration law, or criminal law, violations, if any; and
    3. The reasons for wishing to enter the U.S.

Please provide a statement addressing these criteria as they pertain to your specific circumstances.

Section 212(d)(14) of the INA requires that the Secretary of Homeland Security considers the waiver to be in the national or public interest. The criteria for this waiver have not yet been tested before an appellate authority; however, it would be reasonable to apply at least the same criteria as used in the application of the waiver under section 212(d)(3). In addition, USCIS finds it reasonable to consider evidence pointing to rehabilitation as well as any other mitigating factors pertinent to your request for the waiver of these inadmissibility grounds.



You may submit evidence to demonstrate that USCIS should exercise its discretion to approve your application for a waiver under section INA 212(d)(3) or that approving your request for the waiver is in the national or public interest, pursuant to INA section 212(d)(14). Such evidence may include but is not limited to:

1. Evidence of rehabilitation;
2. Your reasons for wishing to remain in the United States;
3. Any mitigating factors in your favor (family ties, financial impact of departure on others, contributions or ties to the community in the United States);
4. An explanation, in your own words, of the specific circumstances surrounding the act or conviction that prompted the need for this waiver request;
5. Loss of access to United States criminal justice system as it relates to your claim to victimization (or if you are a derivative the impact of your departure on the principal's access to the criminal justice system if you were to depart);
6. And any physical, medical, mental health or social services you require that are not readily available in your home country.

USCIS acknowledges the submission of the following documentation:

1. Your personal statement
2. Birth certificates of your children
3. School certificates for your children
4. Human Right Report (India) for 2014
5. Personal Income Tax information from 2001 to 2014
6. Escrow statements from Century Bank
7. Checking Account statements from Farmers Bank & Capital Trust Co.
8. Property deed
9. Affidavit from Shantilal Patel
10. Family photograph



The record demonstrates that have resided in the U.S. since your entry in 1998; have two United States citizen children, have been employed and paid taxes. This documentation is weighted in your favor. The record also demonstrates that you were a victim of a qualifying crime in 2016. However, the circumstances surrounding your immigration history, use of fraudulent documents; false claim to United States citizenship in order to gain state and federal benefits; failure to attend your removal hearing and your conviction for a sex offense demonstrates a disregard for U.S. law. Your actions are serious and are weighted negatively in your case when considering a discretionary waiver.

A final decision will not be made for thirty-three (33) days. During that time you may submit evidence to overcome the noted reasons for denial. In accordance with Title 8 Code of Federal Regulations 103.2(b)(8)(iv), an extension of time to respond to this notice cannot be granted. If a response is not received on or before December 8, 2018, a final decision will be made based on the evidence currently in the record.

Send your response along with a copy of this letter to:

United States Citizenship and Immigration Services
Vermont Service Center
75 Lower Welden Street
St. Albans, VT 05479

Sincerely,

*Laura Zuchowski*

Laura B. Zuchowski
Director

