March 20, 2019

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
75 Lower Welden St.
St. Albans, VT 05479



U.S. Citizenship
and Immigration
Services

BHAVYA CHAUDHARY
BHAVYA CHAUDHARY & ASSOC LLC
700 HOLCOMB BRIDGE ROAD
NORCROSS, GA 30071



EAC1614150899

RE: JAGDUHKUMAR KANTIBHAI PATEL
I-918, Petition for U Nonimmigrant Status



A076-987-757



RECEIVED MAR 25 2019

### DECISION

Dear Sir/Madam:

On April 12, 2016, you filed the Form I-918, Petition for U Nonimmigrant Status to classify yourself as a victim of substantial physical or mental abuse of qualifying criminal activity under section 101(a)(15)(U) of the Immigration and Nationality Act (INA). You filed this Form I-918 with USCIS.

In order to be eligible for this classification, a petitioner must demonstrate that he or she meets the requirements set forth in Title 8 Code of Federal Regulations (8 CFR) section 214.14(b). This section requires that a petitioner for U nonimmigrant status must show that:

1. He or she has suffered substantial physical or mental abuse as a result of having been a victim of qualifying criminal activity;
2. He or she possesses credible and reliable information establishing that he or she has knowledge of the details concerning the qualifying criminal activity upon which his or her petition is based;
3. He or she has been helpful, is being helpful, or is likely to be helpful to a certifying agency in the investigation or prosecution of the qualifying criminal activity upon which his or her petition is based, and since the initial cooperation, has not refused or failed to provide information and assistance reasonably requested; and
4. The qualifying criminal activity described occurred in the United States (including Indian country and military installations) or the territories and possessions of the United States, or

You filed Form I-192, Application for Advance Permission to Enter as a Nonimmigrant, on April 12, 2016, requesting that USCIS waive your grounds of inadmissibility. Based on the evidence in the record, USCIS finds you are inadmissible to the United States under the following grounds:

- 212(a)(6)(A)(i) - Alien Present Without Admission or Parole - (EWI/PWI)
- 212(a)(6)(C)(i) - Fraud or Willful Misrepresentation
- 212(a)(6)(C)(ii)- False Claim to U.S. Citizenship

The evidence establishes that you entered the United States without inspection on April 14, 1998 and have remained in the United States for more than 20 years in violation of law. At the time of your entry, you were apprehended by officers of the U.S. Border Patrol where you presented a fraudulent Indian passport in the name of Jagdhis Kumar Kantilal Patel and date of birth of June 19, 1979. You were scheduled for an immigration hearing; however, you failed to attend the hearing and you were ordered removed from the United States in absentia by an immigration judge. The record reveals your claim that you may have claimed to be a United States citizen on a Kentucky driver's license application in order to obtain a state benefit and that you paid for a social security card in order to obtain unlawful employment. On November 28, 2003 you were arrested for Sexual Abuse in the first degree a felony pursuant to Kentucky Revised Statues (KRS) 510.110. Review of the Criminal Complaint which was the basis for your arrest contains troubling details regarding your actions. On July 14, 2004 you were convicted of Sexual Abuse in the 3rd degree, a misdemeanor. Your repeated fraudulent actions, coupled with your criminal conviction for a sex offense demonstrates a disregard for the laws of the United States.

After careful consideration, USCIS was unable to conclude that a favorable exercise of discretion on your waiver request was in the public or national interest or was otherwise warranted. Consequently, USCIS denied your Form I-192, and you remain inadmissible to the United States under the above grounds.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. See *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). Because you remain inadmissible to the United States, you have not demonstrated your eligibility for U nonimmigrant status. See 8 CFR 214.1(a)(3)(i).

Therefore, your Form I-918 is denied.

In visa petition proceedings, the petitioner bears the burden of establishing eligibility for the benefits sought. See *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA 1966).

If you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may file a motion or appeal of this decision by completing a Form I-290B, Notice of



St. Albans, VT 05479

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 or 103.5; call our USCIS Contact Center at 1-800-375-5283; or visit your local USCIS office.

**OVERSTAY WARNING**

The evidence of record shows that, when you filed your application, you were present in the United States contrary to law. You are not authorized to remain in the United States. If you fail to depart the United States within 33 days of the date of this letter, USCIS may issue you a Notice to Appear and commence removal proceedings against you with the immigration court. This may result in your being removed from the United States and found ineligible for a future visa or other U.S. immigration benefit. See sections 237(a) and 212(a)(9) of the INA.

To review information regarding your period of authorized stay, check travel compliance, or find information on how to validate your departure from the United States with Customs and Border Protection (CBP), please see (https://i94.cbp.dhs.gov/I94/#/home).

Sincerely,

*Laura Zuchowski*

Laura B. Zuchowski
Director

